**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY HURTADO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No. 1:14-cv-00126-LJO-SMS (HC)<br><br>ORDER RE: PETITION FOR HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus January 29, 2014. Doc. 1. Petitioner filed a previous petition for writ of habeas corpus on September 24, 2008. 1:08-cv-01429-DLB, Doc. 1. The previous petition challenged the same convictions. It was found to be untimely and was denied on the merits on January 14, 2010. *Id*., doc. 31.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Under AEDPA, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

1

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir.2001). Even if a petitioner can demonstrate that he qualifies for one of the exceptions set forth in 28 U.S.C. § 2244(b)(2), he must seek authorization from the court of appeals before filing his new petition with the district court. *Burton v. Stewart*, 549 U.S. 147 (2007); 28 U.S.C. § 2244(b)(3). Even if Petitioner contends that he should be permitted to file a successive petition based on his claim that he is actually innocent and appellate counsel was ineffective, he cannot proceed with such claims without authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). There is simply no evidence in the record that Petitioner sought or was granted such authorization. *See Burton v. Stewart*, 549 U.S. 147. Accordingly, because the prior petition was adjudicated and denied on the merits, the instant petition is clearly a second and successive petition which must be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
IT IS SO ORDERED.

Dated:   **March 19, 2014**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

2